**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: DEVORE STOP, a General Partnership,<br><br>Debtor,<br><br>------------------------------<br><br>WILLIAM MORSCHAUSER,<br><br>Appellant,<br><br>v.<br><br>CONTINENTAL CAPITAL LLC; et al.,<br><br>Appellees. | No. 22-60038<br><br>BAP No. 21-1226<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Spraker, and Taylor, Bankruptcy Judges, Presiding

Argued and Submitted January 22, 2024
Pasadena, California

Before: COLLINS, MENDOZA, and DESAI, Circuit Judges.

William Morschauser appeals a Bankruptcy Appellate Panel ("BAP")

decision affirming the bankruptcy court's dismissal of his quiet title action for lack

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

of jurisdiction. A bankruptcy court's determination of its jurisdiction is reviewed de novo. *In re Valdez Fisheries Dev. Ass'n, Inc.*, 439 F.3d 545, 547 (9th Cir. 2006). The party asserting that the bankruptcy court has jurisdiction bears the burden of establishing subject matter jurisdiction. *In re Ray*, 624 F.3d 1124, 1136 n.8 (9th Cir. 2010). We affirm.

Bankruptcy courts have jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b); *see also id.* § 157(b)(1). These categories are further divided into "core" and "noncore" proceedings: "claims that arise under or in Title 11 are deemed to be 'core' proceedings, while claims that are related to Title 11 are 'noncore' proceedings." *Maitland v. Mitchell* (*In re Harris Pine Mills*), 44 F.3d 1431, 1435 (9th Cir. 1995). Even if a bankruptcy court no longer has "arising under," "arising in," or "related to" jurisdiction, it can retain ancillary jurisdiction to "vindicate its authority and effectuate its decrees." *In re Ray*, 624 F.3d at 1130. In this case, there is no basis for the bankruptcy court to exercise jurisdiction.

1. The adversary proceeding is not a core proceeding arising under or in the underlying bankruptcy case. Mr. Morschauser's claims arise under state law, and thus do not arise under Title 11. *See In re Harris Pine Mills*, 44 F.3d at 1435. Mr. Morschauser's claims to quiet title also do not arise in a case under Title 11 because they could exist independent of the bankruptcy case. *See In re Ray*, 624 F.3d at 1131

("A proceeding 'arises in' a case under the Bankruptcy Code if it is an administrative matter unique to the bankruptcy process that has no independent existence outside of bankruptcy and could not be brought in another forum."). Indeed, Mr. Morschauser does not claim that the enforceability and ownership of Note 2 and Deed of Trust 2 will have any effect on the debtor or the bankruptcy estate.

2.      The adversary proceeding is not a non-core proceeding related to the underlying bankruptcy case because the Chapter 7 estate has been fully administered and closed, and whether or not Mr. Morschauser succeeds in his state-law claims, the estate will receive no assets. Mr. Morschauser fails to explain how his claims could "conceivably have [an] effect on the estate being administered in bankruptcy" to bring this action within the statutory grant of related-to jurisdiction. *In re Marshall*, 600 F.3d 1037, 1055 (9th Cir. 2010) (quoting *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988)).

3.      The bankruptcy court did not have ancillary jurisdiction over the adversary proceeding. The adversary complaint does not include allegations that require the bankruptcy court to interpret or effectuate its prior rulings. *See In re Ray*, 624 F.3d at 1136 (holding that "hearing a breach of contract claim predicated on evidence that came to light after a bankruptcy case had closed, its creditors paid, and the debtor discharged, stretche[d] the limits of the bankruptcy court's ancillary jurisdiction too far, going beyond what is necessary for the bankruptcy court to

'effectuate its decrees.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994))). "Nor does the bankruptcy court's express retention of jurisdiction, alone, bring this case within its ancillary jurisdiction." *Id.* n.8.

Mr. Morschauser fails to meet his burden to establish that the bankruptcy court had jurisdiction over his claims. We therefore affirm the BAP's decision affirming the bankruptcy court's dismissal.

**AFFIRMED.**